**HUI YANG, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

No. 04–6574–AG.

United States Court of Appeals, Second Circuit.

April 27, 2006.

Gang Zhou, New York, New York, for Petitioner.

R. Alexander Acosta, United States Attorney for the Southern District of Florida, Anne R. Schultz, Laura Thomas Rivero, and Lisa Hirsch, Assistant United States Attorneys, Miami, Florida, for Respondent.

PRESENT: ROGER J. MINER, JOSÉ A. CABRANES, and ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Hui Yang petitions for review of the BIA's December 2004 decision affirming a final order of removal entered by an immigration judge ("IJ"). We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal. Where, as here, the BIA affirms the IJ's decision without opinion, this Court reviews the IJ's decision directly. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005).

The IJ determined that Yang had failed to present sufficient evidence to establish eligibility for asylum and withholding of removal. The IJ first determined that Yang failed to establish past persecution. Yang has not challenged this determination in his brief and any argument to the contrary has, therefore, been waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005). The IJ also found that Yang failed to establish a well-founded fear of future persecution. To establish asylum eligibility based on a well-founded fear of future persecution, an applicant must show that he or she subjectively fears persecution and that this fear is objectively reasonable. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004).

The IJ never made an explicit credibility determination. The IJ determined that Yang failed to sustain his burden of prov-

ing a well-founded fear of persecution because he did not present objective evidence that the "government of China currently has any interest in [him]." In coming to his determination, the IJ relied on the fact that there was no current warrant or subpoena issued for Yang, that there had been no action taken against Yang's family members, that the few members of the church who had been arrested had since been released, that Yang had remained in China for a year before leaving, and because, according to the 2002 *International Religious Freedom Report*, " 'many house churches .... conduct activities similar to those of home bible study groups, and were tolerated by the authorities as long as they remained small and unobtrusive.' "

■ This Court has warned that, where a State Department report

> suggests that, *in general,* an individual in the applicant's circumstances would not suffer or reasonably fear persecution in a particular country, the immigration court may consider that evidence, but it is obligated to consider also any contrary or countervailing evidence with which it is presented, as well as the particular circumstances of the applicant's case demonstrated by testimony and other evidence.

*Tian–Yong Chen v. INS,* 359 F.3d 121, 130 (2d Cir.2004). In this instance, although not a State Department report, the IJ considered the *International Religious Freedom Report* in a similar manner in rejecting Yang's claims. However, it appears that the IJ failed to consider evidence presented by Yang contradicting the public material. While this Court generally presumes that the agency has taken into account all evidence before it, and does not require it to expressly address each individual piece of evidence, the agency is required to take into account significant factual allegations offered by the petition-

er. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 159 n. 13 (2d Cir. 2006). In affirming the IJ's determination that Yang presented insufficient evidence to establish his eligibility for asylum, the BIA should have explicitly considered Yang's countervailing evidence, *i.e.* his testimony and documentary evidence. Had it done so, this Court might well be in a position to conclude that the decision was supported by substantial evidence. The absence of this analysis, however, frustrates this Court's ability to conduct judicial review. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341–42 (2d Cir. 2006) ("While we do not require the IJ to make individualized credibility findings for each allegation, in the face of the substantial testimony and corroborating documentation petitioner submitted to the IJ regarding her religious persecution, we find it remarkable, not to mention frustrative of judicial review, that the IJ did not in any way analyze or weigh that testimony." (citation omitted)).

The IJ's other reasons for denying Yang's claims are also called into question by the IJ's failure to squarely address the evidence underlying those claims. For example, Yang testified to the following facts: that the church members who were arrested gave information to officials regarding Yang and his activities in the church; that those members, although released, still have to report to authorities on a monthly basis; that his family members rarely attend church anymore; and that the reason he stayed in China for another year was so that he could contact his mother to determine whether officials were still looking for him. Yang's testimony, which was not found incredible, provides a basis on which the IJ could determine that he has a well-founded fear of future persecution.

In light of the IJ's determination, this Court cannot determine whether the IJ was making an adverse credibility finding or stating that, assuming Yang's testimony to be credible, his claim nonetheless failed for lack of corroboration. In *Diallo v. INS*, 232 F.3d 279 (2d. Cir.2000), this Court provided "specific guidance as to how the BIA should approach questions of credibility and corroboration." *Id.* at 283. This Court set forth a two-prong determination:

> First, the agency must determine whether the applicant's testimony is credible. In making this determination, the presence of corroborating evidence may be relevant. Second, the agency must determine whether the applicant has met his or her burden of proof. Here, too, corroborating evidence (or an explanation for its absence) may be required if it would reasonably be expected, even where the applicant's testimony is credible.

*Id.* at 290. The IJ's reasoning in this case departs from the *Diallo* framework. Although the IJ devoted the bulk of his decision to Yang's lack of corroboration for his account, it is unclear whether, in doing so, the IJ was ruling on *Diallo*'s first prong (*i.e.*, making an adverse credibility determination) or ruling on *Diallo*'s second prong (*i.e.*, concluding that the applicant was credible but that additional corroboration was reasonably required and lacking). An analysis that hewed more closely to the *Diallo* framework would enhance both the clarity of the IJ's decision and this Court's ability to conduct meaningful review.

■ The IJ also denied Yang's request for CAT relief. However, Yang did not argue this claim in his petition for review to this Court. Issues not raised in briefs are considered waived and will not normally be addressed on appeal. *See Yueqing*

*Zhang*, 426 F.3d at 546 n. 7. Because Yang did not argue his CAT claim in his petition for review, the claim is deemed waived.

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED to the BIA with directions to order further proceedings consistent with this order. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).